IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEONARD G. HOROWITZ, an Individual; and SHERRI KANE, an Individual, | ) ) ) | CIVIL NO.  15-00186 JMS-BMK |
| | ) | ORDER (1) DISMISSING COUNTS I, |
| | ) | V, VI, VII, VIII, IX, AND XIX; |
| Plaintiffs, | ) | (2) STAYING ACTION UNDER |
| | ) | *COLORADO RIVER WATER* |
| vs. | ) | *CONSERVATION DISTRICT v. UNITED* |
| | ) | *STATES*, 424 U.S. 800 (1976); AND |
| PAUL J. SULLA, JR., an Individual; | ) | (3) DENYING PLAINTIFFS' |
| ET AL., | ) | COUNTER-MOTION FOR |
| | ) | SANCTIONS, DOC. NO. 23 |
| Defendants. | ) | |
| _____ | ) | |

## ORDER (1) DISMISSING COUNTS I, V, VI, VII, VIII, IX, AND XIX; (2) STAYING ACTION UNDER *COLORADO RIVER WATER CONSERVATION DISTRICT v. UNITED STATES*, 424 U.S. 800 (1976); AND (3) DENYING PLAINTIFFS' COUNTER-MOTION FOR SANCTIONS, DOC. NO. 23

## I.  INTRODUCTION

This action by *pro se* Plaintiffs Leonard G. Horowitz ("Horowitz")

and Sherri Kane ("Kane") (collectively "Plaintiffs") is another attempt by

Plaintiffs to have this federal court intervene in an ongoing and long-running

dispute between Plaintiffs and Defendant Paul J. Sulla, both individually and in a

corporate capacity as a Law Corporation ("Sulla"), among others.[1]  The dispute

---

[1]  Besides Sulla, Plaintiffs have named the following as Defendants:  "The Eclectic
(continued...)

arises out of a foreclosure on a property located in Pahoa, Hawaii, and has been the subject of several past and pending state and federal court actions.[2]  *See, e.g.*, *Hester v. Horowitz*, Civ. No. 14-00413 JMS-RLP (D. Haw. 2014) (remanded to the Third Circuit Court of the State of Hawaii on January 7, 2015); *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK (D. Haw. 2013) (dismissed for lack of subject matter jurisdiction on March 14, 2014); *Hester v. Horowitz*, No. 3RC14-1-000466 (Haw. 3rd Cir. Ct. 2014); *Hester v. Horowitz*, No. 3CC14-1-000304 (Haw. 3rd Cir. Ct. 2014) (pending);[3] *Horowitz v. Sulla*, No. CAAP-15-0000094 (appeal pending in the Hawaii Intermediate Court of Appeals); and *Hester v. Horowitz*, CAAP-15-0000658 (appeal pending in the Hawaii Intermediate Court of Appeals).[4]

---

[1](...continued)
Center of Universal Flowing Light -- Paulo Roberto Silva E. Souza, a corporation sole;" "Jason Hester, an individual;" "The Office of Overseer, a Corporate Sole and its Successor, Over and For the Popular Assembly of Revitalize, a Gospel of Believers;" "Alma C. Ott, an individual;" and "Mother Earth Minerals, a Utah online health products company, d.b.a., Meminerals.com." Doc. No. 1, Compl. at 1.

[2]  The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[3]  Dockets for the two *Hester v. Horowitz* state trial-level cases are available at hoohiki2.courts.state.hi.us/jud/Hoohiki/main.htm.

[4]  The appellate court dockets and filings are available at www.courts.state.hi.us/ legal_references/records/jims_system_availability.html.

Before the court is (1) Sulla's "Motion to Dismiss 'Verified Complaint for Deprivation of Rights and Injunctive Relief' filed May 19, 2015," Doc. No. 15; (2) Defendant "The Eclectic Center of Universal Flowing Light-Paulo Roberto Silva E. Souza's" Substantive Joinder, Doc. No. 16; and (3) Plaintiffs' "Counter-Motion for Sanctions in Reply to Defendant Paul J. Sulla, Jr.'s Motion to Dismiss."  Doc. No. 23.  Based on the following, the court GRANTS the Motion to Dismiss, and Substantive Joinder, in PART.  The court DISMISSES Counts I, V, VI, VII, VIII, IX, and XIX.  The court STAYS the remainder of the action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*").  Finally, the court DENIES Plaintiffs' Counter-Motion for Sanctions.

## II.  **BACKGROUND**

Plaintiffs' seventy-two page Verified Complaint (along with a Declaration of Horowitz and Kane, an Affidavit of Horowitz, and Exhibits A to S attached to the Verified Complaint) alleges the following twenty counts:

Count I       Deprivation of Civil Rights (42 U.S.C. § 1983)

Count II      Violation of 42 U.S.C. § 1981(a)(b)(c) (Equal Rights Under the Law)

Count III     Violation of 15 U.S.C. §§ 1692(e)(2)(A) *et seq*. (False and Misleading Representations in Debt Collection)

3

Count IV      Violation of Hawaii Revised Statutes ("HRS") §§ 480-2 and 480-8 (Unfair and Deceptive Trade Practices)

Count V       Violation of 18 U.S.C. § 241 (Conspiracy Against Rights)

Count VI      Violation of 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law)

Count VII     Violation of 18 U.S.C. § 1341 (Mail Fraud)

Count VIII    Violation of 18 U.S.C. § 1343 (Wire Fraud)

Count IX      Violation of 18 U.S.C. § 1342 (Fictitious name)

Count X       Malpractice

Count XI      Fraudulent Transfer of Property (HRS § 651C)

Count XII     Conversion of Real Property

Count XIII    Trespass to Chattels

Count XIV     Defamation and/or Commercial Disparagement

Count XV      Intentional Infliction of Emotional Distress

Count XVI     Wrongful Foreclosure

Count XVII    Civil RICO (18 U.S.C. § 1964)

Count XVIII   Fraud and/or Misrepresentation

Count XIX     Violation of 18 U.S.C. § 514(a) (Fictitious obligations)

Count XX      Slander of Title

These claims arise from the same set of circumstances described in

other cases from this court regarding a judicial and non-judicial foreclosure by

Defendant Jason Hester (represented by Sulla) on real property located at 13-3775

Pahoa-Kalapana Road (the "property") in Pahoa, Hawaii. *See generally Horowitz*

*v. Sulla*, 2014 WL 1048798, at *2-3 (D. Haw. Mar. 14, 2014) (Civ. No. 13-00500

HG-BMK) (describing the same background); Doc. No. 46 (*Hester v. Horowitz*,

Civ. No. 14-00413 JMS-RLP), Order at 2-7 (similar description).

> Without explaining all of the alleged details, the instant Complaint

(as well as the other complaints or counterclaims) alleges that Horowitz and/or the

"Royal Bloodline of David," with Horowitz as its "Overseer," obtained the

property in 2004 from Cecil Loran Lee.  Unbenownst to Horowitz, Lee was a

felon, and the property was subject to certain liens.  The property was

subsequently the subject of a judicial foreclosure action in 2005, and (among other

proceedings) non-judicial foreclosure, and quiet title/summary possession actions

by Hester in 2010, 2011, and 2014.  The Complaint alleges that Sulla, Hester, and

other persons and entities were involved in a complicated scheme to defraud

Plaintiffs and to obtain the property from Horowitz and/or the Royal Bloodline of

David.  It also alleges (as before) potentially-related libelous or defamatory

statements by related parties, including Defendant Alma Ott.  More specifically,

Hester (represented by Sulla) allegedly wrongfully obtained title to the property

through a 2010 non-judicial foreclosure, leading to quiet title/summary possession proceedings that are now pending against Horowitz in the Third Circuit Court of the State of Hawaii in *Hester v. Horowitz*, No. 3CC14-1-000304 (Haw. 3rd Cir. Ct. 2014) (the "pending state court action").

The pending state court action is the *same* proceeding that Hester filed in state court in August 2014, but which Horowitz and Kane removed to this court in September 2014. *See Hester v. Horowitz*, Civ. No. 14-00413 JMS-RLP (D. Haw. Sept. 12, 2014).  This court remanded it to state court on January 8, 2015 for lack of subject matter jurisdiction. *See Hester v. Horowitz*, 2015 WL 127890, at *1 (D. Haw. Jan. 8, 2015).  Most important for present purposes, Horowitz and Kane filed a lengthy First Amended Counterclaim against Hester (impleading Sulla and others) in that action while it was pending in this court, amending their counterclaim previously filed in state court. *See* Doc. No. 10 (Civ. No. 14-00413 JMS-RLP).  That First Amended Counterclaim alleged over twenty counts (including many of the same counts, such as a civil RICO claim and defamation-related claims, that are alleged against Sulla and/or Defendant Alma Ott in this action) based on the premise that Sulla, Hester, and others schemed to deprive Horowitz and/or the Royal Bloodline of David of the property.  And as a result of this court's January 8, 2015 remand, that First Amended Counterclaim was also

6

remanded to state court as part of that same action.

Essentially, then, the Complaint in this action duplicates the First Amended Counterclaim that is part of the pending state court action. (At minimum, the claims in the Complaint arise out of the same transactions, or series of transactions, at issue in the pending state court action -- and thus could have been asserted as part of that First Amended Counterclaim). *See Kauhane v. Acutron Co.*, 71 Haw. 458, 464, 795 P.2d 276, 279 (1990) (reasoning, for purposes of res judicata, that "[t]o determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action") (citing Restatement (Second) of Judgments § 24 (1982)).

Moreover, the state court subsequently dismissed the duplicative First Amended Counterclaim on March 27, 2015. *See* Doc. No. 49 (No. 3CC14-1-000304 (3rd Cir. Ct. Haw.) (*available at* hoohiki1.courts.state.hi.us/jud/ Hoohiki/main.htm?spawn=1). In dismissing, the state court adopted "in total the arguments submitted on behalf of Mr. Hester," and "specifically reject[ed] the argument of [Horowitz and Kane] as to any type of tolling of their causes of action." *See id.* (*also available at* www.courts.state.hi.us/legal_references/

7

records/jims_system_availability.html (*Hester v. Horowitz*, CAAP-15-0000327),

Notice of Appeal, Ex. B).[5]  Horowitz and Kane attempted to appeal that dismissal

to Hawaii's appellate courts, but the appeal was dismissed for lack of appellate

jurisdiction because final judgment has not entered.  *See Hester v. Horowitz*, 2015

WL 3936947, at *2 (Haw. Ct. App. June 25, 2015).  After the state court dismissed

the First Amended Counterclaim, Plaintiffs filed this duplicative action on May

19, 2015.  Doc. No. 1.

## III.  DISCUSSION

### A.    Counts I, V, VI, VII, VIII, IX, and XIX are Dismissed

          The court begins by examining its subject matter jurisdiction.

Plaintiffs claim federal question jurisdiction, invoking "28 U.S.C. §§ 1331,

1337(a), 1345 and 1355(a); 42 U.S.C. § 1988; and Article III, Section 2, of the

Constitution."  Doc. No. 1, Compl. ¶ 5.[6]  In this regard, the Complaint asserts

---

[5]  Hester had filed a motion to dismiss the First Amended Counterclaim while it was pending in this court, but the motion had not been ruled on when the action was remanded.  *See* Doc. No. 17 (Civ. No. 14-00413 JMS-RLP).  The state court granted Hester's motion to dismiss seeking the same relief that Hester had sought in his motion to dismiss filed in this court. Essentially, the state court ruled on the motion that was pending in this court when the action was remanded to state court.

[6]  Title 28 U.S.C. § 1345 does not apply as it provides federal jurisdiction if the United States is a plaintiff.

several federal causes of action that plainly fail.[7]

Count I is brought under 42 U.S.C. § 1983 for deprivation of civil rights under "color of state law."  *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988). But none of the Defendants is a state actor, and nothing is alleged that could possibly be construed as joint action with state or county government, or fairly attributed to the government.  *See, e.g.*, *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'") (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). Count I is DISMISSED with prejudice.

---

[7]  The Complaint does not invoke jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.  In any event, complete diversity of citizenship is lacking -- the court previously concluded that Plaintiffs were domiciled in Hawaii, *see Hester v. Horowitz*, 2015 WL 127890, at *2 (D. Haw. Jan. 8, 2015), and several Defendants are alleged to be domiciled in Hawaii.  Doc. No. 1, Compl. ¶ 11.  Although Plaintiffs now allege they are domiciled in California, *id.* ¶¶ 9-10, the Complaint also alleges that Defendant Hester is a resident of California and "is not a Hawaii domiciled citizen."  *Id.* ¶ 12.  On its face, the Complaint does not establish complete diversity of citizenship.

Similarly, Counts V, VI, VII, VIII, IX, and XIX all plainly fail to state claims because they are based on criminal statutes that do not provide a civil remedy to a private plaintiff.  *See, e.g.*, *See Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("[F]ederal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341."); *Hofelich v. Hawaii*, 2007 WL 4372805, at *8 (D. Haw. Dec. 13, 2007) ("As with § 1341, there is no private right of action for violations of § 1342.") (citation omitted); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because they "are criminal statutes that do not give rise to civil liability"); *Horowitz v. Sulla*, 2014 WL 1048798, at *6 (D. Haw. Mar. 14, 2014) ("Plaintiffs, as private citizens, lack standing to bring claims under criminal statutes.") (citation omitted).  Accordingly, Counts V, VI, VII, VIII, IX, and XIX are DISMISSED with prejudice.

And Sulla's Motion argues that the other three federal claims (Counts II, III, and XVII) -- to the extent they are otherwise valid -- are barred by statutes of limitation.  Count II, alleging a violation of 42 U.S.C. § 1981, is governed by a four-year statute of limitation (*see, e.g.*, *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1005-06 (9th Cir. 2011), and such claims appear to have accrued in 2009.

10

Similarly, Count III, alleging violations of the Fair Debt Collection Practices Act, is governed by a one-year limitation period (*see* 15 U.S.C. § 1692k(d)), and such claims appear to be based on the 2010 non-judicial foreclosure, or a demand for payment made in 2012 -- well before the May 19, 2015 filing of this action. Finally, Count XVII (civil RICO) is governed by a four-year limitation period, *see Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987), and it is unclear whether any predicate acts occurred with four years of the filing of the Complaint. *See Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 365 (9th Cir. 2005) ("The limitations period for civil RICO actions begins to run when a plaintiff knows or should know of the injury which is the basis for the action.").

The court, however, does not address those statute of limitations questions here, where it is obvious that this action is an improper, duplicative action that this court should stay in favor of the pending state court proceeding as a matter of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Indeed, resolving whether those claims are barred by respective statutes of limitation could improperly involve this court in the pending state court action.

11

**B.** **The Court Stays the Action under *Colorado River***

*1.* **The *Colorado River* Doctrine**

Generally, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.  This duty is not, however, absolute."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (internal citations omitted).  One narrow exception is the *Colorado River* doctrine, where "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter."  *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817 (other citation omitted)).  The *Colorado River* doctrine is "carefully limited," and "courts may refrain from deciding an action . . . only in 'exceptional cases,' and [where] 'the clearest of justifications' support dismissal."  *R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011).

"To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal, the district court must carefully consider 'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'"  *Id.* (quoting *Colorado*

*River*, 424 U.S. at 818).[8]  The Ninth Circuit has identified at least eight factors that a district court should consider in determining whether to stay under the *Colorado River* doctrine:

> (1) which court first assumed jurisdiction over any property at stake;
>
> (2) the inconvenience of the federal forum;
>
> (3) the desire to avoid piecemeal litigation;
>
> (4) the order in which the forums obtained jurisdiction;
>
> (5) whether federal law or state law provides the rule of decision on the merits;
>
> (6) whether the state court proceedings can adequately protect the rights of the federal litigants;
>
> (7) the desire to avoid forum shopping; and
>
> (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 978-79 (citing *Holder*, 305 F.3d at 870).  These factors "are to be applied in

---

[8]  "[D]istrict courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*."  *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990) (citing *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989)).  Nevertheless, "the choice of a stay rather than a dismissal will have no practical effect if all issues are in fact resolved by the state proceeding."  *Attwood*, 886 F.2d at 244.  "[A] stay is as much a refusal to exercise federal jurisdiction as a dismissal . . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case[.]"  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist,'" *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)), and "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. The list is not exclusive and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.*

> ### 2. *Application of Standards*
>
> #### a. *Whether Either Court Has Assumed Jurisdiction over Any Property*

This factor refers to the principle that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Colorado River*, 424 U.S. at 818 (citations omitted). "Where concurrent proceedings in state and federal court are both suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir. 1982). Indeed, this is a rule of exclusive jurisdiction: "where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's

jurisdiction." *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nev.*, 339 F.3d 804, 810 (9th Cir. 2003) (quoting *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922) (emphasis omitted)).

Here, the pending state court suit (filed first) is primarily a quiet title and ejectment action adjudicating foreclosure rights to real property, which would appear to indicate state court jurisdiction -- a federal court ruling might "defeat or impair the state court's jurisdiction" over the property. *Id. Knaefler*, however, held that such ejectment actions and "bills to quiet title" are in personam actions (not in rem actions) under Hawaii law for purposes of applying this jurisdictional principle. 680 F.2d at 676. That is, the state court does not have "exclusive jurisdiction." Given *Knaefler*, this factor is neutral, or, at most, leans slightly in favor of a stay.

     b. *The Inconvenience of the Federal Forum*

This factor favors a stay in favor of the state court proceeding. Both of the main parties (Horowitz and Sulla) live on the Big Island (Hawaii Island), whereas this federal District Court is located in Honolulu, on a different island. The property is located in Pahoa, on the Big Island. Litigating in the Third Circuit Court of the State of Hawaii on the Big Island would be more convenient for the parties, as exemplified by Sulla's objection to a forum in Honolulu. *See, e.g.*, Doc.

No. 30, Def.'s Reply at 3 ("Defendants being forced by Plaintiffs to fly to Honolulu to litigate . . . again and again is oppressive.").

      c.    *Piecemeal Litigation*

The avoidance of piecemeal litigation may be the most important factor in a *Colorado River* analysis. *See Moses H. Cone*, 460 U.S. at 16 ("By far the most important factor in our decision to approve the dismissal [in *Colorado River*] was the clear federal policy . . . [of] avoidance of piecemeal adjudication[.]") (quoting *Colorado River*, 424 U.S. at 819). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. Street*, 656 F.3d at 979 (quoting *Am. Int'l Underwriters*, 843 F.2d at 1258). But "[t]he mere possibility of piecemeal litigation does not constitute an exceptional circumstance;" rather, "the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding." *Id.* (citations and quotations omitted). One such special concern is whether there is a "'highly interdependent' relationship between the claims in the [f]ederal [a]ction and the claims in the [state action]." *R.R. Street*, 656 F.3d at 979 (quoting *Colorado River*, 424 U.S. at 819).

Here, the danger of piecemeal litigation is high. Indeed, the state

court has *already* dismissed the duplicative First Amended Counterclaim in the

pending state action, although the merits of the quiet title/ejectment Complaint are

still pending (*i.e.*, there is no final judgment).  *See* Doc. No. 49 (No. 3CC14-1-

000304 (3rd Cir. Ct. Haw. Mar. 27, 2015)).  And "under Hawaii law, res judicata

does not apply until there is a final judgment."  *Morisada Corp. v. Beidas*, 939 F.

Supp. 732, 737 n.1 (D. Haw. 1995) (noting that "[b]oth claim preclusion and issue

preclusion require that a final judgment on the merits was rendered.") (citing

*Santos v. Hawaii*, 64 Haw. 648, 653, 646 P.2d 962, 966 (1982)).  Accordingly, if

the action continues in this case, "[t]he chance of duplicative litigation, not to

mention inconsistent results, is . . . quite high."  *Morisada*, 939 F. Supp. at 737,

738 (applying *Colorado River* and reasoning that '[t]he real danger in this case is

the likelihood that some of the questions presented will be resolved by pretrial and

prejudgment orders issued well before the judgment becomes final.  These

preliminary decisions would not be binding . . . in the other forum [creating] a

danger of inconsistent results[.]) (quoting *Darling's v. Nissan Motor Corp.*, 863 F.

Supp 26, 31 (D. Me. 1994)).

For example, issues regarding statutes of limitation -- which are also

at issue in this case with Counts II, III, and XVII -- led *Morisada* to stay a federal

action in favor of a pending state court action.  *See id.* ("[E]arly rulings concerning

the statute of limitations may also lead to inconsistent results. . . strongly counsel[ing] in favor of . . . [a] stay.") (quoting *Darling's*, 863 F. Supp. at 31). And it certainly appears that the state court based its dismissal, at least in significant part, on statutes of limitations grounds because it specifically rejected arguments as to tolling of causes of action.

Furthermore, the issues in the pending state action -- whether to quiet title to the property, and eject Horowitz -- involve whether the state foreclosure action was proper.  Rulings by this court on many of the claims raised in this action against Sulla and Hester (*e.g.*, wrongful foreclosure, conversion, trespass, slander of title) might well have an impact on the merits of the pending state court action.  That is, there is a "highly interdependent relationship" between the claims in this action and the state action.  *R.R. Street*, 656 F.3d at 979.  In short, this factor strongly favors staying the action.

### d.    The Order in Which the Forums Obtained Jurisdiction

The pending state action was filed first.  The court, however, applies this factor "'in a pragmatic, flexible manner with a view to the realities of the case at hand.'"  *R.R. Street*, 656 F.3d at 980 (quoting *Moses H. Cone*, 460 U.S. at 21).  "Priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."

*Travelers*, 914 F.2d at 1370 (citing *Moses H. Cone*, 460 U.S. at 21) (brackets and internal quotation marks omitted).

Applied here, the unusual procedural posture of this action also favors staying this action.  Not only was the pending state action filed first, but it was remanded to state court in January 2015, after Horowitz improperly removed it to federal court.  *See Hester*, 2015 WL 127890, at *1.  After remand, the state court addressed and dismissed the First Amended Counterclaim on March 27, 2015.  Plaintiffs then filed this duplicative federal action on May 19, 2015.  Doc. No. 1.  Thus, the "state court's progress in [the pending state court action] weighs against jurisdiction [in federal court.]"  *R.R. Street*, 656 F.3d at 980.  Indeed, permitting this action to continue would be giving Plaintiffs an improper "second bite" at the apple, *after* their action in state court failed, but before res judicata would take effect (given that no final judgment has entered in the state court action).

    e.    *Source of Law*

"Although the presence of federal-law issues must always be a major consideration weighing against surrender of jurisdiction, the presence of state-law issues may weigh in favor of that surrender only in some rare circumstances."  *R.R. Street*, 656 F.3d at 980 (internal editorial marks and citations omitted).

This factor is neutral.  The court has dismissed most of the alleged federal claims, and the remaining claims may be time-barred (or have significant questions remaining as to when claims might have accrued) -- that is, state law claims predominate.  But the state law issues do not appear to involve complex questions of state law.  These are not "rare circumstances" that weigh in favor of a stay.  *See R.R. Street*, 656 F.3d at 980-81 ("Because the cases here involve routine issue of state law, . . . this factor does not weigh against [retaining] jurisdiction.") (internal quotation marks omitted).

### f.      Adequacy of State Court

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants.  For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate."  *R.R. Street*, 656 F.3d at 981.

This factor weighs in favor of a stay.  All of the claims, including the federal claims, are addressable (and in fact, were addressed) in state court.  *See, e.g.*, *DeHorney v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 879 F.2d 459, 463 (9th Cir. 1989) (holding that state courts have concurrent jurisdiction over claims under 42 U.S.C. § 1981); 15 U.S.C. § 1692k(d) (providing jurisdiction over a FDCPA claim

20

"in any appropriate United States district court without regard to the amount in controversy, or *in any other court of competent jurisdiction*") (emphasis added); *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (holding that state courts have concurrent jurisdiction over civil RICO claims under 18 U.S.C. §§ 1961-1968).

g.   *Forum Shopping*

The next factor to consider is the avoidance of forum shopping -- *i.e.*, "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. Street*, 656 F.3d at 981.  The Ninth Circuit "ha[s] affirmed a *Colorado River* stay or dismissal when it was readily apparent that the federal plaintiff was engaged in forum shopping." *Id.*  For example, "courts may consider 'the vexatious or reactive nature of either the federal or the state litigation.'" *Id*. (quoting *Moses H. Cone*, 460 U.S. at 17 n.20).

This factor heavily favors a stay.  Plaintiffs lost in state court on March 27, 2015, and are trying again in a different forum with this action filed on May 19, 2015.  And they are doing so with a dispute that was previously before this very court before it was remanded.  That is, Plaintiffs are attempting to assert claims that were, or could have been, part of the court's previous action -- a dispute with claims that were dismissed in the pending state court action (and in a previous action before Judge Gillmor).  The current claims are "vexatious or

21

reactive." *Id.*  In short, Plaintiffs are engaged in forum shopping.

>    h.    *Parallel Suits*

"The final factor . . . is whether the state court proceeding sufficiently parallels the federal proceeding." *Id*. at 982.  In general, "exact parallelism" is not required; rather, "the two actions must be 'substantially similar.'" *Id.* (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  "'[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes' a *Colorado River* stay or dismissal." *Id.* (quoting *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005)).  "[A] stay is inappropriate when there is a good chance that the federal court would have to decide the case eventually because the state proceeding will not resolve all of the issues in the federal case." *Id.* at 983 (citation omitted).

This factor also favors a stay.  Although the First Amended Counterclaim in the pending state action is not exactly parallel with the Complaint in this action, the two actions are "substantially similar."  The claims here arise out of the "same transaction[s], or series of connected transactions," *Kauhane*, 71 Haw. at 464, 795 P.2d at 279, as are at issue in the pending state action (as well as were at issue in the action before Judge Gillmor in *Horowitz v. Sulla*, Civ. No. 13-

00500 HG-BMK).[9]  Although the state court rulings are not entitled to *res judicata* effect under Hawaii law (given the absence of a final judgment, and a potential appeal in state court after judgment enters), there is very little (if any) chance that this court will have to address the Complaint in this action after the pending state court action becomes final.  *See R.R. Street*, 656 F.3d at 983.

   *i.*  *Balancing of Factors*

   The court is mindful that the *Colorado River* doctrine is "carefully limited," and it may "refrain from deciding an action . . . only in 'exceptional cases,' and [where] 'the clearest of justifications' support dismissal." *R.R. Street*, 656 F.3d at 978 (quoting *Colorado River*, 424 U.S. at 818-19).  And in deciding whether "exceptional circumstances" exist, the court "must carefully consider 'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'" *Id.* (quoting *Colorado River*, 424 U.S. at 818).

   Here, after considering its obligation and balancing the relevant factors, the court STAYS the action under *Colorado River*.  This is an "exceptional case." *See Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir.

---

   [9]  And it also appears that the same or similar claims were (or could have been) made in a 2005 state court action, *Hester v. Horowitz*, No. 05-1-196 (Haw. 3rd Cir. Ct. 2005).  *See* Doc. No. 32, Pls.' Reply Ex. B (June 19, 2015 Fourth Amended Final Judgment in *Hester v. Horowitz*, No. 05-1-196).

2012 (requiring a finding of "exceptional circumstances" before invoking

*Colorado River*).  Weighing the *R.R. Street* factors favors staying the action, and

will meet "the goal of 'comprehensive disposition of litigation.'"  *R.R. Street*, 656

F.3d at 983 (quoting *Colorado River*, 424 U.S. at 817).  At bottom, in this

exceptional and unusual case, Plaintiffs are improperly seeking a federal forum

after having lost in state court.  Through numerous suits (both in state and federal

court), Plaintiffs have attempted again and again to defend against the foreclosure-

related claims by raising various theories of fraud against Hester, Sulla, and

others.  They cannot continue to do so here, especially after a decision on the

merits by the state court.

## C.    **Plaintiffs' Counter-Motion for Sanctions**

Finally, Plaintiffs move for sanctions against Sulla under Federal

Rule of Civil Procedure 11.  Doc. No. 23.  Federal Rule of Civil Procedure 11(b)

requires that parties present arguments that are warranted by the law and

non-frivolous:

> By presenting to the court a pleading, written motion, or
> other paper -- whether by signing, filing, submitting, or
> later advocating it -- an attorney or unrepresented party
> certifies that to the best of the person's knowledge,
> information, and belief, formed after an inquiry
> reasonable under the circumstances:

24

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

[and]

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Rule 11 applies to all pleadings, written motions and other papers presented to the court.  Fed. R. Civ. P. 11(a).  In determining whether a party has violated Rule 11, the court applies an objective reasonableness standard.  *G.C. & K.B. Invs, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003) ("The standard governing both the 'improper purpose' and 'frivolous' inquiries is objective.").  A showing of subjective bad faith is not required.  *Id*. ("The subjective intent of the movant . . . is of no moment."); *see also Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (noting that sanctions cannot be avoided by the "pure heart and empty head" defense).

Plaintiffs argue that Sulla's Motion to Dismiss (1) contains legally frivolous arguments (*e.g.*, raising the *Rooker*/*Feldman* doctrine, where the state court action is not final, and where the doctrine requires a final judgment), (2) fails to follow certain rules regarding summary judgment, and (3) misrepresents facts in

the record. For example, they contend that "Mr. Sulla's pattern of filing defective pleadings is sanctionable, by reason of the reckless or conscious neglect . . . to perform according to legal practice standards[.]" Doc. No. 32, Pls.' Reply at 5.

Rule 11 sanctions against Sulla are not warranted. Even if Sulla made an argument that was unsuccessful, this does not justify imposition of sanctions. "The mere fact that a claim does not prevail, or that a court ultimately determines that a lawyer's view of the law is wrong, is insufficient to warrant sanctions under any aspect of Rule 11." *In re Kullgren*, 109 B.R. 949, 955 (Bankr. C.D. Cal. 1990) (internal editorial marks and citation omitted). And, in fact, the court dismissed several claims as argued in Sulla's Motion to Dismiss. *See* Doc. No. 15, Defs.' Mot. at 9-10. The Counter-Motion for Sanctions is DENIED.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS the Motion to Dismiss (and Substantive Joinder) in PART -- Counts I, V, VI, VII, VIII, IX, and XIX are DISMISSED. The court STAYS the remainder of the action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Finally, the court DENIES Plaintiffs' Counter-Motion for Sanctions.

The Clerk of Court is DIRECTED to close this case administratively. *See, e.g.*, *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127, 128 (3d Cir. 2004)

(explaining that administrative closings "comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication" and are "an administrative convenience which allows the removal of cases from the [docket] in appropriate situations[.]") (citations omitted).  The case may be reopened upon notification by the parties that the pending state action has reached final conclusion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 11, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Horowitz et al. v. Sulla et al.*, Civ. No. 15-00186 JMS-BMK, Order (1) Dismissing Counts I, V, VI, VII, VIII, IX, and XIX; (2) Staying Action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); and (3) Denying Plaintiffs' Counter-Motion for Sanctions

27